UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LISA CARVALHO )
    Plaintiffs, )
)
v. )
) C.A. No. 1:19-cv-287-JJM-LDA
)
SANTANDER BANK, N.A., and )
SARAH LINDSTROM )
    Defendants. )
)

## ORDER

Plaintiff Lisa Carvalho ("Ms. Carvalho") has filed an eight-count complaint. In Count Eight of the complaint, Ms. Carvalho alleges a defamation claim against Defendant Sarah Lindstrom ("Ms. Lindstrom"). ECF No. 1 at 12. Ms. Lindstrom now moves to dismiss Count Eight of Ms. Carvalho's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming that Ms. Carvalho failed to plausibly allege the elements of defamation. ECF No. 18.

*Standard of Review*

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), Plaintiff must present facts that make his claim plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To state a plausible claim, a complaint need not detail factual allegations, but must recite enough facts at least to "raise a right to relief above the speculative level...." *Twombly*, 550 U.S. at 555. A pleading that offers "labels and conclusions" or "a formulative recitation of the elements of a cause of action" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor does

a complaint suffice if it tenders "naked assertion[s] devoid of further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 557).

*Analysis*

To bring a claim of defamation under Rhode Island law, a plaintiff must plausibly allege: "(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting to at least negligence on the part of the publisher; and (d) damages, unless the statement is actionable irrespective of special harm." *Bossian v. Anderson*, 69 A.3d 869, 878 (R.I. 2013) (quoting *Marcil v. Kells*, 936 A.2d 208, 212 (R.I. 2007)).

Ms. Carvalho alleges that "[Ms.] Lindstrom did make statements about [Ms.] Carvalho that she knew and/or should have known were false, with actual malice, and the intent to cause harm to [Ms.] Carvalho and/or her reputation." ECF No. 1 at 12. This Court finds that this is insufficient to establish a prima facie case of defamation because Ms. Carvalho failed to set forth any specific, allegedly false statements attributable to Ms. Lindstrom. Ms. Lindstrom is left to speculate which statements were made, when they occurred, who they were published to, and in what context. This single allegation fails to meet the very first element of defamation, and thus fails to state a claim upon which relief can be granted.

*Conclusion*

For the reasons stated, the Court GRANTS Defendants' Motion to Dismiss Count Eight. ECF No. 18.

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

November 5, 2019